UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

KENNETH BROWN,                                            Case No. 18-cv-409

             Plaintiff,
vs.

ALLTRAN FINANCIAL, LP,

             Defendant.

**PLAINTIFF'S RESPONSE BRIEF ON DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff claims a letter sent by Defendant violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 by 1) falsely stating the amount saved through a proposed payment plan and 2) transferring the debt before the expiration of the 30 day settlement offer. In response, Defendant requests dismissal. However, dismissal is not appropriate here because 1) Plaintiff has properly stated a claim and 2) Defendant introduces evidence outside of Plaintiff's complaint.

**LEGAL STANDARD**

To survive a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The FDCPA "is intended for the protection of unsophisticated consumers." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007). The "unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness." *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). Whether or not a claim has been stated must be viewed from the standpoint of an unsophisticated consumer.

Looking particularly at §§ 1692e and 1692f, the Seventh Circuit has found that "district courts must act with great restraint when asked to rule in this context on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 760 (7th Cir. 2006). If it is "'possible to imagine evidence' that would support the allegations of the complaint," then this lawsuit must move forward. *Id*. (quoting *Walker v. National Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999)). "'[W]hat seems pellucid to a judge, a legally sophisticated reader, may be opaque' to the unsophisticated consumer." *McMillan* at 759 (quoting *Johnson v. Revenue Mgmt. Corp.,* 169 F.3d 1057, 1060 (7th Cir.1999)).

## ARGUMENT

I. **Plaintiff has properly stated a claim under the FDCPA.**

   a. **Plaintiff's claim regarding the false settlement amount is material.**

Plaintiff's claim that Defendant made a false statement regarding the settlement amount is challenged by Defendant solely on materiality. The Seventh Circuit provided guidance earlier this year regarding materiality in the FDCPA context (specifically 15 U.S.C. § 1692e) in *Boucher v. Fin. Sys. of Green Bay, Inc.,* 880 F.3d 362 (7th Cir. 2018):

> Thus, to state a claim under § 1692e, plaintiffs must plausibly allege that [Defendant's] dunning letter would materially mislead or confuse an

2

unsophisticated consumer. Because this inquiry involves a "fact-bound determination of how an unsophisticated consumer would perceive the statement," dismissal is only appropriate in "cases involving statements that plainly, on their face, are not misleading or deceptive." *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812, 814–15 (7th Cir. 2016) (quoting *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009)); see also *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) ("As a general matter, we view the confusing nature of a dunning letter as a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion.") (internal citation omitted). "We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because 'district judges are not good proxies for the "unsophisticated consumer" whose interest the statute protects.' " *McMillan v. Collection Prof'ls., Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (quoting Walker v. Nat'l Recovery, Inc., 200 F.3d 500, 501–03 (7th Cir. 1999)).

*Id*. at 366–367.

The Court, in determining whether additional charges were material, found that "[e]ven if these additional charges are minimal, such that they might not 'alter [the consumer's] course of action, they are still material because they would be 'a factor in his decision-making process.'" *Id* at 368 (citing *Lox v. CDA, Ltd.*, 689 F.3d 818, 824 (7th Cir. 2012)). Here, the false statement is minimal, but would be a factor in Plaintiff's decision making factor. Am. Compl. Dkt. 6, ¶ 16. Plaintiff had no prior business relationship with Defendant. He did not incur the debt through Defendant nor has Plaintiff ever entered into a contractual relationship with Defendant. Plaintiff was dealing with an unknown third-party that was providing inaccurate information. Plaintiff asserts that Defendant's incorrect statements were material to his outlook on Defendant's truthfulness regarding the debt. The payment amount goes to the heart of debt collection. Further, Plaintiff asserts that an unsophisticated consumer in his situation would rightfully find Defendant's false statements to be a factor in making a decision. *Id*.

With current technology, there is no excuse for Defendant to have incorrect math on its collection letters. *Id*. at ¶ 14. It is the Defendant who decided to mail the letter out. It could have provided a payment plan that matched with the savings it was allegedly offering.

It's interesting to note that out of the eighteen cases that quoted by Defendant regarding materiality, only three of those cases were decisions on Motions to Dismiss; most are Summary Judgment decisions. The three cases decided on the basis of Fed. R. Civ. P. 12(b) are different from the present case. Plaintiff didn't respond to the issue of materiality in briefing in *Grunwald v. Midland Funding LLC*, 172 F. Supp. 3d 1050, 1054 (D. Minn. 2016). In *Dudley v. Focused Recovery Sols., Inc*., No. 4:17-CV-10, 2017 WL 2981345, at *5 (E.D. Va. July 12, 2017), Plaintiff alleged a failure to charge interest. *Gilmore v. Unlimited Progress Corp*., No. 16 CV 5216 (N.D. Ill. Oct. 4, 2016) involved a case where a settlement offer was given over the phone, not as a computer printout that had the potential of being 100% accurate. The large number of summary judgment decisions relied on by Defendant and the cautions by the Seventh Circuit about dismissing FDCPA claims show that this issue is generally one dealt with on summary judgment, not dismissal.

Defendant takes the position that in settlement offers, since less than the total amount due is being requested, there is less need for accuracy. However, the cases cited by Defendant stand for the proposition that it is not an FDCPA violation for a debt collector to pursue less than the full amount due. In *Cicalo v. McCalla*, No. 3:16- cv-339 (SRU), 2017 U.S. Dist. LEXIS 126890 (D. Conn. Aug. 10, 2017) the debt collector didn't seek to recover over $7,000 in home owner association fees. This was not found to be a violation of the FDCPA. In *Gates v. Asset Acceptance, LLC*, 801 F. Supp. 2d 1044 (S.D. Cal. 2011), a state court complaint was filed seeking less interest than what was due. This was also not found to be a violation. Similarly, in

4

*Haney v. Portfolio Recovery Assocs., L.L.C.*, 2015 WL 1457216 (E.D. Mo. Mar. 30, 2015), the consumer was sued for about half of what the consumer had been told was owed. *Dudley v. Focused Recovery Solutions, Inc.*, 2017 U.S. Dist. LEXIS 108015, 2017 WL 2981345 involved a situation where the debt collector didn't charge interest. These situations were found to not violate the FDCPA. None of these cases stand for the proposition that a debt collector doesn't have to be truthful when settling a debt, only that it is not a *per se* violation for a debt collector to pursue less than the full amount of the debt. Here Defendant chose to provide a settlement demand, and it chose to ignore the technology that would allow it to provide an accurate representation of its settlement demand.

### b. The subsequent transfer of the account rendered Defendant's statement regarding the time frame to accept false and/or deceptive.

Contrary to Defendant's claim, Plaintiff did specify what provisions of the FDCPA were violated by transferring the debt before the time to accept the payment plan was past. Am. Compl. ¶¶ 24-28. Plaintiff specifically pled that Defendant should have known that accounts will be recalled and moved if collection efforts by Defendant were not successful. *Id.* at ¶ 18. This is not a conclusory statement as Defendant suggests, but rather it is a common practice within the collection industry. That's what happened with this account; Defendant was unable to collect and the account did indeed get moved to a different collection agency. Defendant's allegation that this is a conclusory statement is made simply to avoid Plaintiff from moving forward on his complaint and being allowed an opportunity to show that his allegation is, in fact, true. CACH should have policies on when accounts are transferred to a different collection company. Likely discovery will show that it was adherence to these policies that caused the

account to move from Defendant to a different collection agency.[1] As such, Plaintiff's claim regarding the transfer of the account should not be dismissed.

> II. **Defendant's Motion to Dismiss should be denied, as the motion before the Court relies on outside evidence.**

Defendant places self-serving evidentiary statements into its brief, statements that would be appropriate at the summary judgment stage, but not the dismissal stage. Defendant argues that "the Letter shows that Alltran had implied actual authority to negotiate a settlement of the debt" and that "CACH would have been compelled – under the well-established principles of agency law – to honor the agreement had it been accepted by Plaintiff." Dkt. 9, p. 10. Defendant would like to place into evidence that it would have followed agency law had the offer been accepted. However, this is extrinsic testimony. The FDCPA was enacted because there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Even after the FDCPA was enacted, debt collectors don't always follow the law. This can be seen by the volume of lawsuits brought under the FDCPA. Defendant's blanket statement that agency law would have been followed is testimony unsupported by the record that goes beyond the four corners of Plaintiff's complaint. It is wholly inappropriate

Defendant even goes on to argue that if it didn't have authority, then Plaintiff would have "a common law breach of contract claim against CACH, not … an FDCPA claim against Alltran." While Defendant tries to pass liability back to CACH, it ignores the fact that the FDCPA is a strict liability statute. *Ruth v. Triumph Partnerships*, 577 F.3d 790, 805 (7th Cir. 2009) ("The FDCPA, however, is a strict liability statute, and debt collectors whose conduct falls

---

[1] Plaintiff has served a third party subpoena on CACH, LLC (the current creditor) asking for these policies.

short of its requirements are liable irrespective of their intentions."). Plaintiff has the right to discovery into Defendant and CACH's policies on this topic without having to take Defendant's word on a Motion to Dismiss that agency law would have been followed.

If the Court excludes Defendant's evidence regarding agency law, then this section of Defendant's Motion to Dismiss fails, because this is the substance of Defendant's Motion. Pursuant to Fed. R. Civ. P. 12(d), "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." If the Court converts the Motion to a Motion for Summary Judgment, then Plaintiff requests, pursuant to Fed. R. Civ. P. 12(d), a reasonable opportunity to present summary judgment arguments.

## CONCLUSION

Given Defendant's unsupported testimony regarding its view of the agency relationship, Plaintiff requests that the Court exclude the additional evidence and deny Defendant's Motion to Dismiss. Should the Court wish to rule on the merits of the Motion to Dismiss, Plaintiff requests that it be denied on its merits as Plaintiff has shown that the incorrect amount was a materially false statement and the subsequent transfer rendered Defendant's statement regarding the time frame to accept false and deceptive.[2]

Dated this 16th day of August, 2018.

                                      s/ Heidi N. Miller
                                      Heidi N. Miller (WI Bar # 1087696)
                                      HNM LAW, LLC
                                      PO Box 26273
                                      Wauwatosa, WI 53226

---

[2] If the Court grants any part of the Motion to Dismiss, Plaintiff requests leave to amend consistent with the Court's decision.

(414) 306-7000
Heidi@hnm-law.com