IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH BROWN,

                Plaintiff,                OPINION AND ORDER

v.

                                          18-cv-409-wmc

ALLTRAN FINANCIAL, LP,

                Defendant.

---

Plaintiff Kenneth Brown filed suit against defendant Alltran Financial, LP under the Fair Debt Collection Practices Act ("FDCPA") after receiving two letters offering to settle his debt for less than the outstanding balance. The letters stated the offer was valid for 30 days. Plaintiff claims that: (1) Alltran's letters were false, deceptive or misleading; and (2) plaintiff's debt was wrongly transferred from Alltran to another creditor before the end of the 30-day offer period. Presently before the court is defendant's motion to dismiss (dkt. #8). As explained below, that motion is granted in part and denied in part.

FACTS[1]

Brown is a resident of Rock County, Wisconsin, who owed $1,731.67 to WebBank. (Amend. Compl. (dkt. #6) ¶ 4; Feb. 13, 2018 Letter (dkt. #9-2) 2.) Alltran is a debt collection business located in Houston, Texas, and a registered agent of another debt collection agency.[2] (Amend. Compl. (dkt. #6) ¶ 5.)

---

[1] In resolving a motion to dismiss under Rule 12(b)(6), the court takes all the factual allegations in the complaint as true and draws all inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

[2] There appears to be some confusion for whom Alltran is a registered agent. Plaintiff's complaint says that Alltran is a registered agent of "CT Corporation System," but that company normally just

Through a series of transfers, Alltran received Brown's debt to WebBank.[3] Alltran then sent Brown two debt collection letters, dated January 11 and February 13, 2018, respectively. (*Id.* at ¶ 7.) These letters outlined three payment plan options. (*Id.* at ¶ 8.) At issue here, the second payment plan option purported to allow Brown to "[e]xtend [his] time and settle [his] account in 6 monthly payments of $202.03." (*Id.* at ¶ 9.) The letters noted that Brown would save $519.50 if he selected this payment plan. (*Id.* at ¶ 10.) Alltran's letters further warned that the payment plan offers were only "valid for 30 days from the date of this letter." (*Id.* at ¶ 17.) Within that 30-day window, Brown also received a collection letter from a different agency regarding the same debt.[4] (*Id.*)

OPINION[5]

Defendant seeks dismissal of plaintiff's claims for failure to state a claim. A motion

---

serves as the registered agent for service of process or to fulfill other corporate compliance obligations. (Amend. Compl. (dkt. #6) ¶ 5; *see also CT Corporation*, Wolters Kluwer https://ct.wolterskluwer.com (last visited Nov. 13, 2018).) In contrast, defendant's filings and the letter dated February 13, 2018, indicate that Alltran was an agent of CACH LLC. (Mot. to Dismiss Br. (dkt. #9) 2; Feb. 13, 2018 Letter (dkt. #9-2) 2.) Plaintiff's later filings note that CACH LLC is "the current creditor," suggesting that CACH LLC transferred the debt back to itself. (Pl.'s Opp'n (dkt. #13) 6.) Although the court has subject matter jurisdiction regardless, given that the claims here are brought under the FDCPA, 28 U.S.C. § 1331, the parties will need to clarify the relationship between Alltran and CACH LLC, and whether one or both are the proper defendants in later filings.

[3] CACH LLC purchased Brown's debt and then "placed the debt" with Alltran "for collection." (Feb. 13, 2018 Letter (dkt. #9-2) 2.)

[4] Neither party identifies this other debt collection agency by name. (*See* Amend. Compl. (dkt. #6) ¶¶ 17–18; Mot. to Dismiss Br. (dkt. #9) 1–3, 9–11; Pl.'s Opp'n (dkt. #13) 6–7.)

[5] The Amended Complaint also alleges that defendant violated 15 U.S.C. §§ 1692d, 1692f, 1692f(1). As defendant rightly notes, however, plaintiff's allegations regarding these sections are merely conclusory statements without factual support. For instance, Brown offers no facts that suggest Alltran harassed, oppressed or abused him under § 1692d, nor that Alltran used "unfair or unconscionable means to collect or attempt to collect" his debt under § 1692f. (*See* Amend. Compl.

2

to dismiss under Rule 12(b)(6) tests the complaint's legal sufficiency.  *See* Fed. R. Civ. P. 12(b)(6).  Dismissal is only warranted if no recourse could be granted under *any* set of facts consistent with the allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Here, defendant offers two arguments for dismissal, only one of which the court finds persuasive.

*First*, defendant argues that plaintiff's allegation that the letters misrepresented the total savings from the second payment option is not material and thus does not support a claim under 15 U.S.C. § 1692e. (Mot. to Dismiss Br. (dkt. #9) 1.)  Under § 1692e, a debt collector cannot use "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Plaintiff acknowledges the false statement "is minimal," but argues it would still factor into Brown's decision as to whether he would pay the debt.  (Pl.'s Opp'n (dkt. #13) 3.)  Plaintiff's argument is foreclosed by binding precedent.

To state a valid claim under the 15 U.S.C. § 1692e, a plaintiff must show that the allegedly false, deceptive, or misleading representation is "material."  *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757–58 (7th Cir. 2009).  For claims arising under § 1692e, a statement is not material unless it would mislead an unsophisticated consumer.  *Id.* at 758.  An unsophisticated consumer is presumed to be "uninformed, naïve, [and] trusting," but still possesses "rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences."  *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880

---

(dkt. #6) ¶ 27.)

3

F.3d 362, 366 (7th Cir. 2018) (quoting *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007)). If the alleged statement or act does not "mislead the unsophisticated consumer," it is not material and does not violate the FDCPA. *Hahn*, 557 F.3d at 758. This is true "even if [the statement or act] is false in some technical sense." *Id.*

As defendant notes, the allegedly misstated, projected savings referenced in the letters amounts to a difference of one cent: instead of saving $519.50 as touted in the letters, plaintiff would only save $519.49 or ".01 less than the stated total."[6] (Mot. to Dismiss Br. (dkt. #9) 1.) Assuming an unsophisticated consumer's "reasonable intelligence" and ability to make "basic logical deductions and inferences," *Boucher*, 880 F.3d at 366, no reasonable trier of fact could find that a single cent would be material in making a decision to repay or not repay a debt within six months. Even though the challenged statement in the letters is technically false, therefore, defendant's motion to dismiss this claim is granted with prejudice.[7]

---

[6] Defendant points to a copy of the letter from February 13, 2018, attached to its motion to demonstrate the $0.01 difference in savings. Plaintiff argues that defendant's motion should be denied because it relies on outside evidence, or, in the alternative, that the motion should be converted to a motion for summary judgement under Fed. R. Civ. P. 12(d). (Pl.'s Opp'n (dkt. #13) 6–7.) However, this court *can* consider extrinsic materials without converting a motion to dismiss to a motion for summary judgement when the "documents attached to a motion to dismiss are considered part of the pleadings" -- when "they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Here, the court will consider the letter and not convert defendant's motion into one for summary judgment as the February 13 letter is referred to in the plaintiff's complaint and is central in his claim.

[7] Dismissal with prejudice is appropriate because plaintiff has pleaded himself out of court. Even if plaintiff were to amend his complaint, he cannot change the fact that the difference between the misstated savings and the actual savings is $0.01. *See Leavell v. Ill. Dept. of Nat. Res.*, 600 F.3d 798, 808 (7th Cir. 2010) (affirming dismissal with prejudice where plaintiff "has not suggested any way that she might amend her pleadings to cure the deficiency").

*Second*, defendant contends that traditional principles of agency law undermine plaintiff's claim that the debt's transfer before the end of the 30-day offer period was false and deceptive under 15 U.S.C. § 1692e. To advance this argument, defendant asserts that the February 13 letter "shows that Alltran had implied actual authority to negotiate a settlement of the debt, [so that] CACH LLC would have been compelled -- under well-established principles of agency law -- to honor the agreement had it been accepted by the Plaintiff." (Mot. to Dismiss Br. (dkt. #9) 10). While this may well prove true on summary judgment, as plaintiff notes, these assertions are not presented by the allegations of the complaint itself. (Pl.'s Opp'n (dkt. #13) 6.)

When information in a defendant's motion to dismiss is extrinsic to the pleadings, a court may choose to consider it only by converting the motion into a request for summary judgment. *See Opela v. Wausau Window and Wall*, 264 F. Supp. 3d 980, 992, n.15 (W.D. Wis. 2017) (citing Fed. R. Civ. P. 12(d)). Converting defendant's motion to dismiss into one for summary judgment would, of course, "require an opportunity for plaintiff to provide additional evidence and argument." *Id.* Alternatively, by declining to convert defendant's motion into a request for summary judgment, the court may "consider only those facts alleged in the complaint." *Id.* (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).[8]

Having chosen to limit review to the four corners of the complaint on file and the letter underlying it, the factual assertion that CACH LLC would have been compelled by

---

[8] Defendant may, of course, advance its agency law theory as part of a "future motion for summary judgement." *Opela*, 264 F. Supp. 3d at 992, n.15.

law to honor the agreement under agency principles is neither referenced in nor central to plaintiff's complaint.  Accordingly, this portion of defendant's motion to dismiss is denied.

ORDER

IT IS ORDERED that defendant's motion to dismiss (dkt. #8) is GRANTED IN PART AND DENIED IN PART as set forth above.

Entered this 13th day of November, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge